UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYL CONSULTING LLC, and NICOLAS SANGROS<br><br>               Plaintiffs,<br>  -against-<br><br>COMMUNITY USA II LLC,<br><br>               Defendant. | Case No.:  23-1377<br><br>**COMPLAINT** |

Plaintiffs, Syl Consulting LLC and Nicolas Sangros, for their complaint against defendant, Community USA II LLC, by and through their attorneys, Knox Law Group, P.C., state and allege as follows:

## PARTIES

1.  Plaintiff Syl Consulting LLC is limited liability company formed pursuant to the laws of the State of Wyoming.

2.  Plaintiff Nicolas Sangros is an individual residing in the State of Wyoming.

3.  Upon information and belief, defendant Community USA II LLC (the "Company") is a limited liability company formed pursuant to the laws of the State of Delaware, with its principal place of business located at 411 Park Avenue South, New York, New York.

## JURISDICTION AND VENUE

4.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, as the Plaintiffs and Defendant are citizens of separate States, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

6.  By written agreement dated February 20, 2019 (the "Contract"), Defendant engaged Plaintiff Syl Consulting LLC to provide certain business and management consulting services in relation to Defendant's restaurant.

7.  Pursuant to the terms of the Contract, Defendant agreed to compensate Plaintiff Syl Consulting the sum of $520,833.25 to be paid over the course of twenty-five months in bi-weekly installments of $10,416.66 commencing on March 1, 2019.

8.  By written agreement dated January 21, 2021 (the "Renewal"), the parties extended the term of the engagement from April 1, 2021 through at least March 27, 2025, with the bi-weekly payments of $10,416.66 to continue throughout this minimum period.

9.  Pursuant to the terms of the written agreements, Defendant was also required to provide Syl Consulting with a furnished one-bedroom apartment located near the restaurant.

10. Plaintiff procured an apartment at a monthly rent of $3,585.00.

11. From April 2020 through December 31, 2021, Defendant reduced the amount it paid to Syl Consulting on a bi-weekly basis from $10,416.66 to $7,812.49, a difference of $2,604.17.

12. Defendant failed to compensate Syl Consulting entirely for January and February 2022.

13. From July through November 2022, Defendant reduced the amount it paid to Syl Consulting on a bi-weekly basis from $10,416.66 to $7,291.66, a difference of $3,125.00.

14. By letter dated January 18, 2023, Defendant terminated its agreement with Syl Consulting without proper cause.

15. Defendant ceased making rental payments for Plaintiff's apartment.

16. Third-party suppliers to Defendant's restaurant required a credit card on file in order to provide their respective goods and services for use in the restaurant.

17. Defendant failed to open a line of credit to satisfy the requirements of third-party suppliers.

18. Syl Consulting was forced to use the personal credit card of its managing member, Nicolas Sangros, in order to meet the suppliers' requirements and facilitate the operation of Defendant's restaurant.

19. Defendant would generally reimburse Plaintiff Sangros on a monthly basis for Defendant's expenses charged to Mr. Sangros' credit card, but failed to make any payment toward reimbursement for expenses charged beginning in December 2022.

20. Vendors have continued to charge Mr. Sangros' credit card for goods and services that Defendant is continuing to receive.

<u>CLAIMS FOR RELIEF</u>

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
Breach of Contract

21. Plaintiffs repeat and re-allege each of the foregoing allegations as if set forth in their entirety herein.

22. Plaintiff Syl Consulting entered into valid contracts with Defendant whereby it was to render certain management and consulting services in exchange for compensation.

23. Plaintiff Syl Consulting performed its obligations under the contracts, except as otherwise excused or prevented by Defendant.

24. Defendant materially breached the contracts by failing to make payment as required thereunder.

25. Furthermore, Plaintiff Syl Consulting would still be providing its services but for Defendant's obstruction.

26. As a direct result of Defendant's breach, Plaintiff Syl Consulting has been damaged in an amount not less than $707,724.96.

AS AND FOR A SECOND CAUSE OF ACTION<br>Unjust Enrichment

27. Plaintiffs repeat and re-allege each of the foregoing allegations as if set forth in their entirety herein.

28. Defendant received, and continues to receive, goods and services from third-parties, the costs of which were charged to Plaintiff Sangros' credit card.

29. Defendant has failed to reimburse Plaintiff Sangros for these charges, thus Defendant was enriched at Plaintiff Sangros' expense.

30. As of the date hereof, Defendant has been enriched at Mr. Sangros' expense by an amount not less than $8,659.88.

31. It is against equity and good conscience to permit Defendant to avoid reimbursing Mr. Sangros for the goods and services it received and continues to receive.

RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount to be determined at trial, but not less than $716,384.84, plus prejudgment interest thereon, costs and disbursements, reasonable attorney's fees, and such further relief as this Court may deem just and proper.

Dated: February 17, 2023

KNOX LAW GROUP, P.C.

By:    /s/ Daniel Knox
       Daniel Knox, Esq.
       80-02 Kew Gardens Road
       Suite 600
       Kew Gardens, NY 11415
       (212) 239-1114
       dknox@knoxlaw.nyc

       *Attorneys for Plaintiffs*