**PEYROT & ASSOCIATES** PC

David Van Leeuwen
Attorney at Law
David.VanLeeuwen@peyrotlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2023

MEMO ENDORSED

May 2, 2023

*Conference adjourned to 5/11/2023 at 10:30 a.m.*

*/s/ Colleen McMahon*
*5/4/2023*

**VIA ECF**
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Syl Consulting, LLC and Nicolas Sangros v. Community USA II LLC**
**1:23-cv-01377-CM**
**Letter Motion in Support of Defendant's Application to Stay Discovery**

Hon. McMahon:

Our firm is counsel to Defendant Community USA II LLC in connection with the above referenced matter.

As such, please kindly accept the following in support of Defendant's motion for a stay of discovery.

Defendant Community USA II LLC. respectfully submits this letter motion to stay discovery pursuant to Rule 4(G) of the Court's Individual Rules and Practice in Civil Cases. For the reasons set forth below, the Court should issue an order staying discovery pending the resolution of Defendant's Motion to Dismiss/Stay this second filed action together with an adjournment of the conference scheduled for May 4, 2023.

"At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); see also *O'Sullivan v. Deutsche Bank AG*, No. 17-CIV-8709-LTS-GWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.")

62 William Street, 8th Floor
New York, NY 10005
T: (646) 650-2785
F: (646) 650-5109
www.peyrotlaw.com

**PEYROT & ASSOCIATES** PC

May 2, 2023
Page 2

As indicated in the briefing, Defendant submits that the circumstances are analogous to *CBS, Inc.* and *Daugherty, CBS, Inc. v. Tee Vee Records, Inc.*, 96 F.R.D. 163 (S.D.N.Y. 1982); *Daugherty v. Popick*, 89 F.R.D. 642 (S.D.N.Y. 1981), and the motion to dismiss/stay is meritorious.

Defendant also submits that Plaintiffs need for discovery is limited, as it has only an alleged a breach of contract counterclaim or claim, with limited discovery necessary, whereas Defendant will likely need to pursue subpoena discovery of third parties, with the likelihood of both ineffective (if the matter is dismissed/stayed) and confusing subpoenaed obligations of third parties, as well as possible inconsistent discovery rulings, etc.

Counsel for both sides have conferred, and Plaintiffs do not consent to this application.

Your time and attention to this matter is appreciated. If you require anything further, please do not hesitate to contact us.

Respectfully yours,

PEYROT & ASSOCIATES, PC

By: /s/ *David Van Leeuwen*
    David C. Van Leeuwen, Esq.

Cc: Counsel of record (via ECF)

62 William Street, 8th Floor
New York, NY 10005
T: (646) 650-2785
F: (646) 650-5109
www.peyrotlaw.com