UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

SYL CONSULTING, LLC and
NICHOLAS SANGROS,

              Plaintiffs,

-against-                                        23 Civ. 1377 (CM)(KHP)

COMMUNITY USA II, LLC,

              Defendant.

----------------------------------------------------------------x

COMMUNITY USA II, LLC,

              Plaintiff,

-against-                                        23 Civ. 2494 (CM)(KHP)

SYL CONSULTING LLC, NICHOLAS SANGROS
and 250 EAST 40 REALTY, LLC,

              Defendants.

----------------------------------------------------------------x

### INITIAL ORDER DISPOSING OF PENDING MOTIONS AND CONSOLIDATING CASES FOR ALL PURPOSES

McMahon, J.:

    *SYL Consulting LLC et al. v. Community USA II, LLC* (23 Civ. 1377 ("Case No. 1")) was commenced in this court on February 17, 2023, with the filing of a complaint.

    *Community USA II, LLC v. Syl Consulting et al.,* (23 Civ. 2494 ("Case No. 2")) was commenced in the New York State Supreme Court, New York County, with the filing of a summons and complaint on February 9, 2023. Service was not effected until February 27, 2023. The case was timely removed to this court on March 24, 2023. The removing defendants should have marked Case No. 2 as "related" to Case No. 1 – indeed, it is simply the converse of Case No. 1 – but did not do so, and it was randomly assigned to my colleague, Judge Vyskocil. Per the Local Rule for the Assignment of Business Among Judges of this court, Case No. 2 was

reassigned to me yesterday by the court's Assignment Committee. Magistrate Judge Katherine A. Parker is assigned in both cases.

Presently pending are two motions, both brought by Community USA II: a motion to dismiss or stay Case No. 1 in favor of the "first filed" Case No. 2, and a motion to remand Case No. 2 to the New York State Supreme Court. Both motions are fully briefed. Community has also made application for a temporary stay of discovery.

All motions are denied.

*1. Motion to Remand*

The principal ground asserted in support of the motion to remand is lack of diversity of citizenship. Plaintiff alleges that defendant Nicholas Sangros – who is sued individually and who, along with his wife, is one of the two members of the LLC defendants, Syl Consulting LLC and 250 East 40th Realty LLC – is a citizen of New York. For diversity purposes, citizenship is a function of a person's domicile – this fixed home and the principal establishment to which, whenever that person is absent, he intends to return. A party may have multiple residences, but he can only have one domicile.

Additionally, limited liability companies are not treated as corporations for diversity purposes – that is to say, they are not deemed to be citizens either their state of incorporation or of their principal place of business. Rather, they are deemed to be citizens of every state of which a member of the LLC is a citizen. *Wallace Church & Co. Inc. v. Wyattzier, LLC*, No. 1:20-CV-01914-CM, 2020 WL 4369850, (S.D.N.Y. July 30, 2020); *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006) ("[T]he citizenship of a limited liability corporation is determined by reference to the citizenship of its members.").

So if Sangros is a citizen of New York, then all the Defendants are citizens of New York. But if Sangros is a citizen of Wyoming, as he contends, then all of the Defendants are citizens of Wyoming and there is complete diversity.

Factors to consider when determining a party's domicile include his current residence, whether he owns or rents his place of residence, the nature of the residence, voting registration, driver's license and automobile registration, location of a person's physician, lawyer, accountant, dentist, stockbroker, brokerage and bank accounts, memberships in fraternal organizations, churches and other associations, places of employment or business and payment of taxes. *Kennedy v. Trs. Of Testamentary Trust of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009). No one factor is determinative.

The evidence demonstrates that Nicolas Sangros and his wife, Ms. Rachart, are citizens of the State of Wyoming. They live in Jackson Wyoming with their three daughters in a four bedroom home that they own. The court has been provided with a copy of the deed to that house. They have Wyoming driver's licenses; their cars are registered in Wyoming. Ms. Rachart works full time in Jackson, Wyoming, and their daughter attends high school in Jackson, Wyoming.

Their insurance policies list their address as Wyoming. They submit that they have called Wyoming home for at least ten years.

It is apparently true that Mr. Sangros has been provided with a furnished apartment by Community for his use during his time in New York. However, that is a contractual obligation that Community undertook. It is not proof that Mr. Sangros has left his family and changed his domicile the place to which he intends to return, even if he happens to reside somewhere else. Moreover, a change in domicile must be proved by clear and convincing evidence, which is sorely lacking here.

For that reason, the court finds that there exists complete diversity of citizenship.

In the alternative, Community argues that the case should be remanded because the parties agreed that they "shall subject themselves to the authority of the courts of New York City, State of New York." Community suggests that this is a forum selection clause, one that limits the parties to litigating in the New York state courts located in New York City.

Community is doubly misguided.

First, this is not a forum selection clause. It is a consent to jurisdiction clause. It is a clause that prevents any party to the contract from asserting that "the courts of New York City, State of New York" lack jurisdiction over disputes arising out of the contract. Sangros and the LLC Defendants suggest that the clause is somehow ambiguous, but it is not. The clause contains no language – not a word -- compelling the parties to bring claims in "the courts of New York City, State of New York," or in any particular court. The parties simply agreed that, if suit were brought in a court in New York City, neither party could object on the ground that the court lacks jurisdiction over the dispute – the parties agreed to "subject themselves to the authority of the courts of New York City, State of New York."

Second, a party's consent to jurisdiction does not necessarily mean that the party has waived the right to removal from a state to a federal court. The issue is whether the relevant language in the contract sets forth a "term of geography" rather than a "term of sovereignty." *New York v. Pullman*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979). The phrase "courts of New York City, State of New York" includes this court, which is located in "New York City, State of New York." The language chosen by the parties encompasses both the state and federal courts that are "of New York City, State of New York." If the parties had intended to limit themselves to litigating in the New York State Supreme Court, they would have had to say, "courts of the State of New York located in New York City" – AND they would have had to include language directing that any and all disputes arising under the contract had to be brought in said courts.[1] If Community wanted to restrict litigation in this matter to the New York State Supreme Court, then the contract is doubly defective for that purpose.

---

[1] There was such language in *Pullman* – that is, language providing that all disputes had to be litigated in the courts of New York. Unfortunately for the City, the phrase "New York courts" was held to be broad enough to encompass both state and federal courts – or at least to be ambiguous, such that the clause could not oust the federal court of constitutionally-conferred diversity jurisdiction. The same is true here.

Therefore, the existence of this clause in the contract affords no basis to remand the case to the State Supreme Court.

The motion to remand Case No. 2 is denied.

*2. Motion to Dismiss or Stay*

The decision denying the motion to remand moots Community's motion to dismiss or stay Case No. 1 in favor of an action that is no longer pending in the New York State Supreme Court. Therefore, the motion to dismiss or stay Case No. 2 at Dkt. No. 7 is denied as moot, as is the letter motion to stay discovery in Case No. 2 at Dkt. No. 19.

*3. Consolidation and pleadings*

These two cases are consolidated under the earlier filed number in this court: 23 Civ. 1377. The Clerk shall mark the motion at Dkt. No. 5 in 23 Civ. 2494 DENIED and shall close that case. The complaint in Case No. 1 shall be deemed the complaint in the consolidated action; the complaint in Case No. 2 shall be deemed the answer and counterclaim in the consolidated action (the court will consider Sangros and the two LLC Defendants to have filed a general denial to the allegations of the complaint in Case No. 1); Community shall file a reply to the counterclaims (if one is needed) no later than ten business days from the date of this order.

The clerk shall close the motions at Docket Nos. 7 and 19 in 23 Civ. 1377 and Docket No. 5 in 23 Civ. 2494 and remove them from the court's list of open motions.

The parties shall immediately meet and confer and either submit a case management plan in the form provided by the court or attend a case management conference in Courtroom 24A at the Daniel Patrick Moynihan Courthouse, located in the city and state of New York, on May 11, 2023, at 10:30 AM.

Dated: May 4, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL