USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYL CONSULTING LLC, et al.,

Plaintiffs,

-against-

COMMUNITY USA II LLC,

Defendant.

**OPINION & ORDER**

**23-CV-1377 (CM) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge**:

Before the Court is Community USA II LLC's ("Defendant" or "Community") motion to file a second amended answer with counter claims, styled as a second amended complaint, which raises one additional counterclaim against Syl Consulting LLC ("SYL") and its member, Nicholas Sangros ("Sangros") (collectively, the "SYL Parties" or "Plaintiffs"). (ECF No. 44.) For the reasons set forth below, the motion to amend is GRANTED.

**BACKGROUND**

Community is a limited liability company that engaged the SYL Parties to provide business and management consulting services for Defendant's restaurant at 411 Park Avenue South, Chez Francis Brasserie. (ECF No. 1 at ¶ 6.) The parties entered in to their first agreement February 20, 2019, which provided that Community would pay the SYL Parties $520,833.25 over the course of twenty-five months in bi-weekly installments of $10,416.66. (*Id.* at ¶ 7.) The parties renewed the agreement on January 21, 2021, to extend the term of engagement from April 1, 2021 through at least March 27, 2025. (ECF No. 9-2.) Pursuant to the agreement, Community was to furnish Sangros with an apartment near the restaurant. ( ECF

No. 1 at ¶ 9.) The SYL Parties allege that Community failed to consistently make the full bi-weekly payments, paying only $7,812.49 biweekly from April 2020 to December 2021, $7,291.66 bi-weekly from July 2022 until November 2022, and failing to make any payment at all for the months of January and February 2022. (*Id.* at ¶ 11-13.) Community then terminated its agreement with the SYL Parties via letter on January 18, 2023. (*Id.* at ¶ 14.) At the same time, Community stopped making payments on Sangros's apartment. (*Id.* at ¶ 15.) The SYL Parties allege that in addition to the underpayment, Community failed to open a line of credit for the restaurant, forcing Sangros to use his personal credit card, and without reimbursements from Community, beginning in December 2022. (*Id.* at ¶ 17-20.) The present action, *SYL Consulting LLC et al. v. Community USA JI, LLC,* was commenced in this Court on February 17, 2023, with the filing of the complaint. (ECF No. 1.) The complaint raises two causes of action against Community, for breach of contract and unjust enrichment. (*Id.*)

Another case, *Community USA JI, LLC v. Syl Consulting et al.*, (the "State Court action") was commenced in the New York State Supreme Court with the filing of a summons and complaint on February 9, 2023. (*See* ECF No. 23.) In that complaint, Community raised six causes of action against the SYL Parties, including breach of fiduciary duty, conversion, and breach of contract. (ECF No. 9-1.) Community, acting as plaintiff in the State Court action, alleges that beginning in December 2022, Community became aware of "certain wrongful acts" by Sangros and SYL that constituted material breaches of the consulting agreement. (ECF No. 44-1 at ¶ 8.) Community alleges that beginning in early 2021, Sangros submitted false expense reports, prepared misleading financial forecasts, and otherwise failed to take direction from Community. (*Id.* at ¶ 9.) Further, Community alleges that Sangros has "continued to take"

efforts to sabotage the restaurant including by refusing to turn over access or passwords to company accounts, including access to the company tax portal, the point-of-service system, restaurant domain name, and the restaurant's website. (*Id.* at ¶ 14.)

Although the State Court action was filed first, service was not effected until February 27, 2023, after service had been effected in the instant federal matter. (*See* ECF No. 23.) Therefore, in an order dated May 4, 2023, the Honorable Colleen McMahon consolidated both cases into the federal action. (*Id.*) As part of that order, Community's complaint in the State Court action was deemed the answer and counterclaims to the SYL Parties' complaint in the federal action. (*Id.*) On May 31, 2023, the Plaintiffs moved to dismiss Defendant Community's counterclaims pursuant to Rule 12(b)(6). (ECF No. 28.) Defendant Community then filed its opposition to that motion on June 14, 2023. (ECF No. 32.) On July 10, 2024, Defendant Community moved to file a second amended complaint (i.e., the answer and counterclaims) containing four additional counterclaims against Plaintiffs. (ECF No. 42.).

The SYL Parties subsequently filed their opposition to the motion along with a motion for sanctions against Community Defendants. (ECF Nos. 46 & 46.) The parties appeared for a status conference before the undersigned on November 14, 2023, during which Defendant's motion to amend and Plaintiffs' motion for sanctions were discussed. Following the conference, the parties were ordered to meet and confer regarding the scope of the proposed second amended complaint, and to advise the Court if Plaintiffs would consent to the proposed amendment. (ECF No. 57.) On November 11, 2023, the parties advised the Court that Plaintiffs would withdraw the pending motion for Rule 11 sanctions, and Defendant agreed to withdraw three of the four proposed new causes of action/counterclaims. (ECF No. 57.) The only

remaining proposed amendment is Community's request to add a cause of action/counterclaim for replevin based on Plaintiffs' alleged refusal to return Community's property including its website, domain name, and certain social media platform accounts. (ECF No. 44-2 at ¶ 14.)

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (citation omitted). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corrs*., 214 F.3d 275, 283 (2d Cir. 2000).

Proposed amendments are futile when they would fail to state a claim under Rule 12(b)(6). *IBEW Local Union No. 58 Pension Tr. Fun & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). "The party opposing the amendment has the burden of demonstrating that leave to amend would be futile." *Margel v. E.G.L. Gem Lab Ltd.*, 2010 WL 445192, at *3 (S.D.N.Y. Feb. 8, 2010) (citation omitted). Because a determination of futility is

subject to the same standards as a motion to dismiss under Rule 12(b)(6), "futility is generally adjudicated without resort to any outside evidence," and the court must accept all facts pleaded as true. *Wingate v. Gives*, 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009) (citing *Nettis v. Levitt*, 241 F.3d 186, 194, n.4 (2d Cir. 2001)). On a motion to dismiss, in order for a complaint to survive, the court must determine that the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, the complaint must contain more than mere "labels and conclusions." *Id.* It must contain more than naked assertions devoid of "further factual enhancement." *Id.*

**DISCUSSION**

Plaintiffs do not argue that the proposed amendment is the product of undue delay, bad faith or dilatory motive on the part of the movant (Community), nor that it would cause undue prejudice to them. The SYL Parties claim only that the proposed claim for replevin would be futile and thus the amendment should not be permitted.

***1. The Proposed Amended Complaint Plausibly Alleges a Claim for Replevin Against Sangros and SYL***

To state a claim for replevin, the claimant must establish two elements: 1) that it has a possessory right to property superior to that of the party currently in possession of the property; and 2) that it is entitled to the immediate possession of that property. *Deleon v. Charlie Auto Sales, Inc.*, 110 N.Y.S.3d 899 (N.Y. Civ. Ct. 2018). In its proposed amended complaint/answer and counterclaims, Community alleges that: 1) certain digital assets, including the website and domain name of Community's restaurant (collectively, the "Digital

Assets"), are property of Community, and 2) that Plaintiffs (the Syl Parties) have refused to return the Digital Assets to Community despite demands made during the pendency of this litigation. (ECF No. 44-1 at ¶ 8.) Although neither party addresses the ability to recover digital assets through replevin, other Courts have sustained claims for replevin where the underlying property is a digital asset. *See e.g. Astrove v. Doe,* 2022 WL 2805345, at *2-3 (S.D. Fla. June 17, 2022) (collecting cases).

Plaintiffs nevertheless argue that the proposed second amended complaint fails to state a claim for replevin because it fails to allege facts "establishing its ownership of any property" or "the method by which Plaintiffs have allegedly excluded Defendant's access." In other words, Plaintiffs contend that there are insufficient facts to render a claim of replevin plausible. *Iqbal*, 556 U.S. at 678. This argument is not persuasive.

Defendant alleges that it owns the Digital Assets that were created to promote or operate the restaurant that it owns. (ECF No. 44-1 at ¶ 8.) While specific facts indicating that Defendant previously paid for or operated those Digital Assets would bolster the claim, it is inherently plausible that Community, the restaurant owner, created and utilized a website and social media accounts to promote the restaurant and accept online reservations and/or orders. No additional facts are needed to plausibly plead ownership of the Digital Assets. And, while Community does not provide facts concerning "the method" Plaintiffs employed to deprive Community of the Digital Assets, the "method" of deprivation is not an element of a claim for replevin and is not necessary to state a plausible claim. The SYL Parties do not argue that they are not in possession of the Digital Assets, nor that they have a superior claim to those assets such that their return to Community would be improper. That the Syl Parties were tasked in

the contract to "implement & coordinate with Client, graphic identity design, collaterals & public relations" is sufficient to plausibly allege that the Syl Parties were given some control over the Digital Assets and when the relationship broke down failed to return control of those assets to Community. (*See* ECF No. 9-2 at 1.)

Accordingly, the claim for replevin is not futile and the amendment to add this counterclaim will be permitted.

***2. Whether the Amendment Should be Conditioned on Shifting of Attorney's Fees***

Plaintiffs request that this Court condition any leave to amend on a requirement that Defendant pay Plaintiffs' attorney fees incurred in opposing the prior pleadings, which they contend created additional work and duplication of efforts in this matter. Rule 15(a) grants the court broad discretion as to whether conditional leave should be granted, and the scope of those conditions. *PNC Bank, Nat. Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 377 (S.D.N.Y. 2014).

Plaintiffs' request is denied. Both sides have contributed to some delay and duplication of efforts in this case, and the new cause of action for replevin arose only during the course of this litigation because Plaintiffs allegedly refused to return control (including passwords) over the Digital Assets to Community. Therefore, the Court in its discretion declines to condition the amendment on the payment of Plaintiffs' attorney's fees.

## CONCLUSION

For the reasons set forth above, Defendant's motion to amend is GRANTED and the request that the amendment be conditioned on payment of Plaintiffs' attorney's fees is DENIED.

**SO ORDERED.**

Dated: January 30, 2024
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge